**Geary L. DANDRIDGE, Petitioner,**

v.

**Charles BLACK, Respondent.**

**No. CV83–L–518.**

United States District Court,
D. Nebraska.

June 19, 1985.

William M. Berlowitz, Lincoln, Neb., for petitioner.

Sharon Lindgren, Asst. Atty. Gen., Lincoln, Neb., for respondent.

URBOM, Chief Judge.

The magistrate's report of February 26, 1985, recommended dismissal of the petitioner's petition for writ of habeas corpus, on the ground that the claims presented are meritless. The petitioner has filed an objection, pursuant to 28 U.S.C. § 636(b)(1). I must now make a de novo determination of the petitioner's claims, pursuant to 28 U.S.C. § 636(b).

■ One of the petitioner's asserted grounds for relief is that the prosecutor's failure to disclose six requested police reports violated a duty imposed by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. I fully agree with the magistrate's determination that the reports before him were not constitutionally material to the guilt or punishment of the petitioner and that the *Brady* claims based on them are meritless. See filing 14, pp. 4–6. The parties have filed jointly copies of three police reports that were not in the record before the magistrate. Exhibits 8, 9 and 10 to filing 16.

In Exhibit 8, Officer Peschong reports that Kevin Ginger stated that Elizabeth Hipple entered the Burger King restaurant before the robbery to determine the number of employees then working. The petitioner argues that this statement could have been used to attack Hipple's credibility at the petitioner's trial. This undisclosed statement is not material in the constitutional sense, and the claim based on it is meritless.[1] *Id.,* at 87, 83 S.Ct. at 1196–97; *United States v. Agurs,* 427 U.S. 97, 109–10, 96 S.Ct. 2392, 2400–01, 49 L.Ed.2d 342 (1976).

Exhibit 9 relates to a disturbance involving two unidentified black males which occurred across the hall from Hipple's apartment. The magistrate noted, and the re-

---

1. My finding agrees with the magistrate's determination; the versions of Kevin Ginger's statement contained in the report and the petition-er's brief are similar. Filing 14, p. 3; petition-er's brief on the merits, p. 7.

port corroborates, that there was no indication that these two unidentified men were in any way connected with the Burger King robbery. Filing 14, p. 6. It is not likely that this information would have affected the outcome of the trial and it is therefore not material to the guilt or punishment of the petitioner. *United States v. Agurs,* supra, at 104, 96 S.Ct. at 2397–98.

■ Exhibit 10 is the October 6, 1979, report of Detective Barksdale. After the arrest of the petitioner and Kevin Ginger, Detective Barksdale received telephone calls from an identified white woman who identified the perpetrators of the Burger King robbery as persons other than the petitioner and Ginger. Although this report arguably may have been material as to the guilt of the petitioner, *Scurr v. Niccum,* 620 F.2d 186 (C.A. 8th Cir.1980), the petitioner did not argue before the Supreme Court of Nebraska or in his brief to that court the potential effect of the pretrial disclosure of this report. I assume the petitioner and his counsel had good reasons not to pursue this line of argument. Because it was not argued, I need not consider the merits of a claim based upon the existence of Exhibit 10.

I have thoroughly reviewed the petitioner's other claims, the magistrate's exhaustive discussion of all of the claims, and the briefs which have been submitted, and I conclude, as did the magistrate, that all of the petitioner's claims are without constitutional merit.

An order will be entered adopting the magistrate's recommendation and dismissing the petition for writ of habeas corpus.